THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WISNAUSKI, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| Kendall County, Kendall County Sheriff | ) | |
| Dwight Baird, Kendall County Warden | ) | |
| Sabrina Jennings, Kendall County Deputies | ) | **JURY DEMANDED** |
| Edmund Belmonte, Brian Baird, Garth | ) | |
| Rasmussen, and other unknown and | ) | |
| unnamed Kendall County Deputy Sheriffs, | ) | |
| Advanced Correctional Healthcare, and | ) | |
| Advanced Correctional Healthcare | ) | |
| employees Jimmy McCorkle and David | ) | |
| Miller, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1971 (U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times, herein mentioned, Plaintiff Timothy Wisnauski (Plaintiff) was and is a citizen of the United States of America and was within the jurisdiction of this court.

4. At all times, herein mentioned, Defendant Dwight Baird ("Baird") was employed as the Sheriff of Kendall County, Illinois and was acting under color of state law as the Sheriff of Kendall County, Illinois. He is being sued in his official and individual capacity.

5. At all times, herein mentioned, Garth Rasmussen (hereafter "Rasmussen"), Edmund Belmonte (hereafter "Belmonte"), Brian Baird (hereafter "Baird") and Sabrina Jennings (hereafter "Jennings) were Deputy Sheriffs or other persons employed by Kendall County and the Sheriff of Kendall County, and were acting under color of state law and as the employee, agent, or representative of the Sheriff of Kendall County. These deputies are being sued in their individual capacities.

6. At all times, herein mentioned, the unnamed and unknown Deputy Sheriffs or other persons, of Kendall County were employed by the Sheriff of Kendall County, and were acting under color of state law and as the employee, agent, or representative of the Sheriff of Kendall County. These deputies are being sued in their individual capacities. When the names of these deputies are ascertained, Plaintiff will seek leave of Court to amend this complaint to add their names.

7. At all times herein mentioned Advanced Correctional Healthcare ("ACH") was a company employed by Kendall County and/or its Sheriff and was responsible for providing medical care to detainees at the Kendall County Jail. At all times herein mentioned ACH was acting under color of law.

8. At all times herein mentioned, defendants Jimmy McCorkle (hereafter "McCorkle") and David Miller, MD., ("Miller") were acting under color of state law and as the employee, agent, or representative of ACH.

9. At all times herein mentioned, Kendall County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Kendall County maintained, managed, and/or operated the Kendall County Sheriff's Department, and Kendall County Jail.

## FACTUAL ALLEGATIONS

10. On or about May 31, 2016 Plaintiff was arrested and subsequently processed into the Kendall County Jail.

11. On August 19, 2016, while in Kendall County Jail, Plaintiff was placed in an area with a known predator who was known to assault other inmates. This predator was to be kept away from other inmates.

12. On August 19, 2016, this predator assaulted Plaintiff at the Kendall County Jail.

13. Subsequent to the assault, Plaintiff was in severe pain to his left leg and ankle.

14. Plaintiff thereafter repeatedly complained to the individual defendants, including Baird, Belmonte, Jennings, Rasmussen, McCorkle and Miller that he was in severe pain to his left leg and ankle. His complaints of pain were ignored. The jail staff indicated that the pain issues needed to be treated by the ACH healthcare staff. The ACH healthcare staff indicated that the pain issues needed to be addressed by the jail staff.

15. Plaintiff's medical needs that were related to his pain to his left leg were so obvious that they would have been and were obvious to any lay person who was in Plaintiff's presence that Plaintiff was in serious need of appropriate medical treatment.

16. Finally, on August 27, 2016, after repeatedly complaining of severe pain since he was assaulted on August 19, 2016, Plaintiff was taken to the Rush Copely Hospital Emergency Room to be seen for the problems to his leg.

17. On August 27, 2016, the doctors at the Emergency Room at Rush Copely gave Plaintiff X-rays and diagnosed him with a comminuted fracture of the distal fibula with a displacement of the bone. Plaintiff was instructed to follow up with an orthopedist. Plaintiff was finally prescribed with needed pain medications.

18. While at the jail, Plaintiff's pain medications were not given to him as prescribed thus causing him more pain. Also, the jail forced Plaintiff to pay for pain medication thus, make it difficult for Plaintiff to obtain needed medication. The failure to not appropriately give Plaintiff his pain medications was an ongoing problem.

19. On August 30, 2016, Plaintiff was finally seen by an orthopedist who scheduled surgery for Plaintiff's severely broken leg.

20. Plaintiff finally obtained the needed surgery on September 2, 2016. The surgery was an open reduction internal fixation of the left fibula with repair of the left distal tibiofibular joint. This required a plate and screws be inserted into his bone to properly set the fracture.

21. Following surgery Plaintiff was prescribed certain pain medications and was instructed to maintain limited weight bearing on the left leg.

22. The defendants, including but not limited to McCorkle, B. Baird, Belmonte, Jennings, and Rasmussen, continued to undertake certain actions which intentionally exacerbated Plaintiff's post-operative pain. This included, but was not limited to, not administering Plaintiff's pain medications as prescribed and not making available needed crutches and/or other devices to assist in keeping Plaintiff from being weight bearing.

23. Because of the Defendants' continued actions, Plaintiff had a subsequent fall as his leg would not hold him, thus causing Plaintiff to further injure himself.

24. Plaintiff desired and requested to file grievances in connection with the pain issues and failure to obtain any reasonable medical care (and jail administrative issues), but the jail personnel would not provide him with grievance forms.

25. After meeting attorneys in the jail (and noticing that attorneys were visiting the Plaintiff), the jail staff finally provided Plaintiff with a grievance form, which he filled out to complain about his pain and the failure to receive any reasonable treatment for his left leg. The failure to make available any reasonable grievance procedure was deliberate and ongoing.

26. On October 30, 2016, after receiving a grievance form, Plaintiff filed a grievance complaining about the pain and the failure to obtain any treatment. The grievance was denied because, allegedly, more than "48 hours had passed" since the incident had occurred. Plaintiff appealed this decision noting that he had repeatedly asked for grievance forms only to be denied.

27. At all times mentioned above, the unnamed and unknown Defendants knew of Plaintiff's medical condition and were deliberately indifferent to his serious medical needs by, among other things, causing him to be weight bearing on his leg, not permitting him to timely go to a medical facility to obtain treatment, and not giving him his medications as required.

28. There was no legal cause for Defendants to cause Plaintiff to be weight bearing, deny, withhold, or delay medical care to Plaintiff after it was known on August 19, 2016 that Plaintiff suffered a significant leg injury and to not timely give him his medications.

29. There was no legal cause to deny, withhold, or delay medical care to Plaintiff while he was in the care, custody and control of the Kendall County Jail by not properly

administering his pain medications and not supplying Plaintiff with proper equipment to keep himself from being non-weight bearing.

30. By reason of the acts and omissions of all individual Defendants and named and unnamed Defendants, Plaintiff sustained injuries, including but not limited to, special damages, emotional harm including humiliation and indignities, and has generally suffered physical, mental and emotional pain caused by the acts of Defendants.

31. By reason of the above described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in this action to vindicate the loss and impairment of his rights. Therefore, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. section 1988, the equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST UNKNOWN DEFENANTS, BAIRD AND BELMONTE FOR THE DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY**

32. Plaintiff realleges and incorporates paragraphs one through thirty-one (31) at this place.

33. Defendants B.BAIRD AND BELMONTE knew that Plaintiff was being placed with a known predator who was known to assault inmates.

34. Despite this, Plaintiff was left alone with this inmate, who proceeded to assault Plaintiff. These defendants also failed to do anything to assist Plaintiff while being assaulted despite the reasonable ability to do so.

35. The actions of these defendants were deliberately indifferent to Plaintiff and his safety.

36. These known, and unnamed and unknown Defendants 'actions and conduct violated Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution and thus, 42 U.S.C. section 1983.

## COUNT II

### PLAINTIFF AGAINST BAIRD, BELMONTE, JENNINGS, MCCORKLE AND MILLER, AND THE UNKNOWN AND UNNAMED DEFENDANTS FOR THE DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

37. Plaintiff realleges and incorporates paragraphs one through thirty-one (31) as though fully alleged at this place.

38. B.BAIRD, BELMONTE, JENNINGS, McCORKLE and MILLER, and the unnamed Defendants knew Plaintiff had serious medical needs requiring immediate medical care, but caused him to continue to be weight bearing when he should not have been; delayed needed and necessary medical care and treatment; and failed to timely and appropriately give Plaintiff his medications.

39. Jennings is also a supervisor, and in that capacity, ignored, participated in, and/or refused to prevent the deliberate indifference to Plaintiff's serious medical needs by herself and others.

40. Theses known and unknown defendants/deputies acted with deliberate indifference to Plaintiff's serious medical needs in failing to obtain and provide medical care and treatment for Plaintiff despite the obvious need for it.

41. These defendants also caused Plaintiff to be weight bearing on his left leg despite knowing that he was in severe pain to his left leg.

42. These defendants caused Plaintiff unnecessary pain.

43. These known and unnamed and unknown Defendants' caused and/or participated in the lack of reasonably prompt and continued medical care and treatment which exacerbated the nature of Plaintiff's injury, medical condition, healing process, and pain and suffering.

44. These known and unnamed and unknown Defendants' actions and conduct were the direct and proximate cause of the constitutional violations to Plaintiff, and the proximate cause to Plaintiff's injuries, including his pain and emotional distress.

45. These known, unnamed and unknown Defendants 'actions and conduct violated Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution and thus, 42 U.S.C. section 1983.

## COUNT III

### PLAINTIFF AGAINST DEFENDANT RASMUSSEN FOR FAILURE TO PROTECT

46. Plaintiff realleges and incorporates paragraphs one through thirty-one (31) as though fully alleged at this place.

47. Defendant Rasmussen knew that Plaintiff was not being given appropriate medical treatment and knew that Plaintiff was not receiving his medications as ordered and needed.

48. Defendant Rasmussen was deliberately indifferent to Plaintiff's serious medical needs by failing to intervene, despite the reasonable ability to do so, to ensure that Plaintiff received his medication as required.

49. As a result, Plaintiff suffered unnecessary pain.

50. These known, unnamed and unknown Defendants 'actions and conduct violated Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution and thus, 42 U.S.C. section 1983.

## COUNT IV

### PLAINTIFF AGAINST BAIRD, KENDALL COUNTY AND ACH FOR CONSTITUTIONAL VIOLATIONS PURSUANT TO *MONELL V. DEPT OF SOCIAL SERVICES*

51. Plaintiff realleges and incorporates paragraphs one through fifty (50) as though fully alleged at this place.

52. Defendants Dwight Baird and Kendall County have a custom and policy of making grievance procedures either unavailable, and/or maintain customs, policies and procedures of making grievance filing procedures either impossible or so hard to follow that there is, in effect, no adequate means or ability for inmates to comply with required procedures to undertake actions required to initiate a law suit against the Kendall County Jail staff, healthcare staff or related staff.

53. Dwight Baird's and Kendall County's grievance customs, policies and procedures are deliberately designed to be ineffective, and to, in effect, sanction unlawful conduct by Kendall County employees since it is well-known that a grievance will not result in any discipline or other consequence to the person identified as violating an inmate's rights, no matter the merit of the grievance.

54. These customs and policies are so widespread as to be the customary way that inmates are treated and some of these policies have been put into writing, and all of which are made "official" policies that are ratified and enforced by Dwight Baird, Kendall County and/or the appropriate final decision makers.

55. Further, Dwight Baird, Kendall County and ACH have customs and policies of failing to provide appropriate medical care in that it is deliberately indifferent to the serious medical needs of inmates.

56. In this regard, each of these defendants fail to appropriately train personal employed by them; fail to maintain policies and procedures that will ensure reasonable and adequate medical care for inmates; fail to delineate the responsibilities for inmate care when there is no ACH staff present at the jail; fail to provide inmates with needed off-site care, when necessary, for the treatment of serious medical needs; fail to provide appropriate medications because of a desire to keep costs down; and fail to provide necessary medical care because of a desire to keep costs down to minimize expense in the care and treatment of inmates.

57. In this regard, the above noted policies, customs and procedures were the moving force behind the violations of the Fourteenth Amendment rights to Plaintiff and the deliberately indifferent medical care to serious medical needs that he received and the consequential violation of the U.S. Constitution and 42 USC section 1983.

58. The customs and policies also caused Plaintiff not to be able to utilize the grievance procedures, except and great and inappropriate stress and effort, and result in an environment in which jail staff were encouraged to violate the rights of inmates because they knew that there would be no consequence for their violations of inmate's rights in violation of the U.S. Constitution and 42 U.S.C. section 1983.

59. The customs and policies result in inmates and Plaintiff being subjected to the deliberate indifference of their serious medical needs, in violation of the inmates' Fourteenth Amendment due process rights to the U.S. Constitution and 42 U.S.C. Section 1983.

## COUNT V

**PLAINTIFF AGAINST KENDALL COUNTY FOR INDEMNIFICATION**

60. Plaintiff hereby incorporates and re-alleges paragraphs one through fifty-nine (59) as though fully alleged at this place.

61. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Kendall County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Kendall County officer, such as the Kendall County Sheriff and its deputies, acting within the scope of his/her employment is found liable.

62. The acts and/or omissions of the Defendants were committed within the scope of their employment.

63. In the event that a judgment for compensatory damages is entered against the Defendants, Kendall County must pay the judgment as well as the associated attorneys' fees and costs.

**WHEREFORE**, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Dwight Baird, or Kendall County be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than Dwight Baird and Kendall County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                    BY:    s/ Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                    BY:    s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com